IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

DAVEION LARON TEXAS SANDERS
DEANDRE MOSES SANDERS

Criminal No. 19-354

FILED
NOV 21 2019
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Shanicka L. Kennedy, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a six-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT CHARGED |
|---|---|---|---|
| 1 | Conspiracy to possess with intent to distribute 500 grams or more of cocaine and quantities of mixtures and substances containing a detectable amount of oxymorphone. On or about July 11, 2019 | 21 U.S.C. § 846 | BOTH |
| 2 | Possession with intent to distribute 500 grams or more of cocaine and quantities of mixtures and substances containing a detectable amount of oxymorphone. On or about July 11, 2019 | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 841(b)(1)(C) | BOTH |
| 3 | Possession with intent to distribute quantities of mixtures and substances containing detectable amounts of cocaine and oxymorphone. On or about July 11, 2019 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | DEANDRE SANDERS |

| 4 | Unlawful possession of a machinegun.<br>On or about July 11, 2019 | 18 U.S.C. § 922(o)(1) | BOTH |
| 5 | Possession of a firearm in furtherance of a drug trafficking crime.<br>On or about July 11, 2019 | 18 U.S.C. § 924(c)(1)(A)(i) | BOTH |
| 6 | Unlawful possession of an unregistered firearm.<br>On or about July 11, 2019 | 26 U.S.C. § 5861(d) | BOTH |

## II. ELEMENTS OF THE OFFENSES

### A.   As to Count 1:

In order for the crime of Conspiracy to Possess with Intent to Distribute 500 grams or More of Cocaine and Quantities of Mixtures and Substances Containing a Detectable Amount of Oxymorphone, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 841(b)(1)(C) and 846, to be established, the government must prove the first three of the following four essential elements beyond a reasonable doubt. To hold the defendants responsible for conspiracy to distribute and/or possession with intent to distribute 500 grams or more of cocaine, under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), the United States must prove all four of the following elements beyond a reasonable doubt:

   1.   That two or more persons agreed to possess with the intent to distribute a controlled substance.

   2.   That the defendant was a party to or member of that agreement.

   3.   That the defendant joined the agreement or conspiracy knowing of its objective to possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that

objective.

        4. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II, and that oxymorphone is a Schedule II controlled substance.

        5. That the amount of cocaine attributable to the defendants as a result of their own conduct and the conduct of conspirators reasonably foreseeable to them was 500 grams or more. 21 U.S.C. § 841(b)(1). (Apprendi v. New Jersey, 530 U.S. 466 (2000); Alleyne v. United States, 133 S. Ct. 2151 (2013).

Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

**B.    As to Counts 2 and 3:**

In order for the crimes of Possession with Intent to Distribute 500 grams or more of Cocaine, and Quantities of Mixtures and Substances Containing a Detectable Amount of Oxymorphone and Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 841(b)(1)(C), to be established, the government must prove the first three of the following four essential elements beyond a reasonable doubt. To hold the defendants responsible for possession with intent to distribute 500 grams or more of cocaine, under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), the United States must prove all four of the following elements beyond a reasonable doubt:

        1. That on or about the date set forth, the defendant possessed with intent to distribute a controlled substance, as charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

        2. That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4), and that oxymorphone is a Schedule II controlled substance.

4. That the mixture or substance containing a detectable amount of cocaine was 500 grams or more. 21 U.S.C. § 841(b)(1)(B)(iii). Apprendi v. New Jersey, 530 U.S. 466 (2000).

**C. As to Count Four:**

In order for the crime of Possession of a Machinegun, in violation of 18 U.S.C. § 922(o)(1), to be established, the government must prove the following essential elements beyond a reasonable doubt:

1. The defendant, on or about the date set forth in the Indictment, possessed the firearm described in the Indictment.

> United States v. Beason, 690 F.2d 439 (5th Cir. 1982), cert. denied, 103 S. Ct. 828 (1983); United States v. Henderson, 482 F.2d 558 (8th Cir. 1973); United States v. Cserna, 110 F.3d 70 (9th Cir. 1997); United States v. Huerta, 78 F.3d 595 (9th Cir. 1996).

2. The firearm identified in the Indictment was, on the date charged in the Indictment, a machinegun as defined in Title 18, United States Code, Section 921(a)(23) and Title 26, United States Code, Section 5845(b).

> United States v. Fleischli, 2002 WL 31029282 (7th Cir. 2002).

3. The defendant knowingly possessed the firearm.

> United States v. Runyon, 621 F.2d 317 (8th Cir. 1980); United States v. DeBartolo, 482 F.2d 312 (1st Cir. 1973); United States v. Aldape, 28 F.3d 113 (10th Cir. 1994).

4. The defendant knew that the characteristics of the firearm he possessed met the statutory definition of a "machinegun."

<u>Staples v. United States</u>, 511 U.S. 600 (1994); <u>United States v. Palmieri</u>, 21 F.3d 1265 (3d Cir.), vacated 513 U.S. 957 (1994), on remand 46 F.3d 5 (3d Cir. 1995).

**D.     As to Count Five:**

In order for Crime of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant committed the crime of conspiracy to possess with intent to distribute 500 grams or more of cocaine and quantities of mixtures and substances containing a detectable amount of oxymorphone and/or possession with intent to distribute quantities of mixtures and substances containing detectable amounts of cocaine and oxymorphone as alleged in the Indictment; and

2. That the defendant knowingly possessed a firearm in furtherance of the crime. If you find the defendant possessed the firearm, you must consider whether the possession was in furtherance of the drug trafficking crime.

Third Circuit Model Criminal Jury Instructions 6.18.924A and 6.18.924B.

**E.     As to Count Six:**

In order for the crime of Possession of an Unregistered Firearm, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly possessed a firearm;

2. That the firearm was an AR-15 rifle with a bump-stock affixed and/or a 12 gauge shotgun with a short-barrel;

3. That the defendant knew of the characteristics of the firearm(s), that is the firearm was an AR-15 rifle with a bump-stock affixed and/or a 12 gauge shotgun with a short-barrel;

4. That this firearm(s) was in operating condition; and

5. That this firearm was not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter whether the defendant knew that the firearm was not registered or had to be registered.

Third Circuit Model Criminal Jury Instruction 6.26.5861.

## III. PENALTIES

**A. As to Counts 1 and 2: Conspiracy to Possess with Intent to Distribute 500 grams or More of Cocaine and Quantities of Mixtures and Substances Containing a Detectable Amount of Oxymorphone and Possession with Intent to Distribute 500 grams or more of Cocaine and Quantities of Mixtures and Substances Containing a Detectable Amount of Oxymorphone (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 841(b)(1)(C) and 846):**

1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2. A fine not to exceed $5,000,000.

3. A term of supervised release of at least four (4) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $8,000,000.

3. A term of supervised release of at least eight (8) years.

6

For Conspiracy and Possession with Intent to Distribute Quantities of Mixtures and Substances Containing Detectable Amounts of Cocaine and Oxymorphone (21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846):

    1.    A term of imprisonment of not more twenty (20) years.

    2.    A fine not to exceed $1,000,000.

    3.    A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

    1.    A term of imprisonment of not more than thirty (30) years.

    2.    A fine not to exceed $2,000,000.

    3.    A term of supervised release of at least six (6) years.

**B.**    **As to Count 3: Possession with Intent to Distribute Quantities of Cocaine and Oxymorphone (21 U.S.C. § 841(a)(1) and 841(b)(1)(C)):**

    1.    A term of imprisonment of not more than twenty (20) years.

    2.    A fine not to exceed $1,000,000.

    3.    A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

    1.    A term of imprisonment of not more than thirty (30) years.

    2.    A fine not to exceed $2,000,000.

    3.    A term of supervised release of at least six (6) years.

**C.**    **As to Count 4: Possession of a Machinegun (18 U.S.C. § 922(o)(1)):**

    1.    A term of imprisonment of not more than ten (10) years (18 U.S.C. § 924(a)(2));

  2. A fine of $250,000 (18 U.S.C. § 3571(b)(3));

  3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

 **D.** **As to Count 5:  Possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)):**

  1. A term of imprisonment of not less than five (5) years, nor more than life imprisonment.  Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the drug trafficking crime. (18 U.S.C. § 924(c)(1)).

> United States v. Gray, 260 F.3d 1267, 1281 (11th Cir. 2001); United States v. Sandoval, 241 F.3d 549, 550 (7th Cir. 2001).

  2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

  3. A term of supervised release of not more than five (5) years (18 U.S.C. §§ 3583(b)(1), 3559(a)(1)).

 **E.** **As to Count Six: Unlawful Possession of an Unregistered Firearm (26 U.S.C. § 5861(d)):**

  1. A term of imprisonment of not more than ten (10) years.  (26 U.S.C. § 5861(d));

  2. A fine not more than $250,000 (18 U.S.C. § 3571(b)(3));

  3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

  4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. **RESTITUTION**

Not applicable in this case.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*[signature]*
SHANICKA L. KENNEDY
Assistant U.S. Attorney
PA ID No. 88306